UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEREMY ARMANTROUT, § | |
| TDCJ # 01777211, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-2122 |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Jeremy Armantrout, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Armantrout also filed a more definite statement of his claims (Dkt. 8; Dkt. 9) as instructed by the Court. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court will dismiss this action for the reasons explained below.

**I.   BACKGROUND**

Armantrout filed his petition when incarcerated in the Ellis Unit in Walker County. According to his petition and TDCJ's public online records, he is imprisoned based on a 2012 conviction from Travis County. *See* Dkt. 1, at 2; Inmate Information Search, available at https://inmate.tdcj.texas.gov/InmateSearch/ (last visited Aug. 19, 2022).

Armantrout's petition states that he challenges a parole revocation proceeding on July 8, 2021 (Dkt. 1, at 2, 5). However, his specific claims indicate that he is challenging

officials' refusal to release him to parole, rather than a revocation of parole (*id*. at 6-7). His more definite statement, which responds to the Court's specific questions, confirms that his habeas claims pertain to a parole denial (Dkt. 9, at 1-4; *see id*. at 4 (clarifying that he was not subject to revocation of parole)).

TDCJ's public online records reflect that Armantrout's application for parole was denied on July 6, 2021, for the following reasons:

> 2D NATURE OF OFFENSE – The record indicates the instant offense has elements of brutality, violence, assaultive behavior, or conscious selection of victim's vulnerability indicating a conscious disregard for the lives, safety, or property of others, such that the offender poses a continuing threat to public safety.
>
> 3D DRUG OR ALCOHOL INVOLVEMENT - The record indicates excessive substance use involvement.

Inmate Information Search, available at https://inmate.tdcj.texas.gov/InmateSearch/ (last visited Aug. 19, 2022) (parole information accessible by clicking "Parole Review Information" link). His next review is set for July 2024.

Armantrout seeks to challenge the parole denial, claiming that his record during incarceration shows that he poses minimal risk to the public, that he has no history of substance abuse, and that his incarceration since 2011 has provided ample time for officials to observe his behavior (Dkt. 9, at 3-4). His petition claims that officials violated his First Amendment rights by refusing to address his grievance regarding rehabilitative treatment; that officials are engaging in cruel and unusual punishment by denying him treatment and prolonging his confinement; that officials violated his Fourteenth Amendment rights by not providing rehabilitative treatments and programs; and that officials violated the Fifth

Amendment's protection against double jeopardy by keeping him confined (Dkt. 1, at 6-7). As relief for his claims, he seeks release from custody and evaluation for treatment or rehabilitative programs (*id*. at 7).

## II.  THE PETITION IS WITHOUT MERIT

Armantrout claims that his rights were violated because he was denied early release from TDCJ. Under Texas law, a prisoner can be eligible for early release from confinement in two ways: "parole" and "mandatory supervision." Parole is "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6). Mandatory supervision is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5). Although parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263 n.1 (5th Cir. 2007). Regardless of the distinction, once an inmate is released to mandatory supervision, he is considered to be on parole. *See Jackson*, 475 F.3d at 263 n.1 (citing TEX. GOV'T CODE § 508.147(b); *Coleman v. Dretke*, 395 F.3d 216, 219 n.1 (5th Cir. 2004)).

In this case, TDCJ's website reflects that Armantrout was convicted in 2012 for

aggravated sexual assault of a child on September 1, 2010. Eligibility for mandatory supervision in Texas is "'governed by the law in effect at the time the offense was committed.'" *See Ex parte Keller*, 173 S.W.3d 492, 495 (Tex. Crim. App. 2005) (quoting *Ex parte Byrd*, 162 S.W.3d 250, 252 (Tex. Crim. App. 2005)). Under Texas law in effect in 2010, persons convicted of aggravated sexual assault are ineligible for mandatory supervision. *See* TEX. GOV'T CODE § 508.149(a)(8) (effective 2009-2011). The current version of the statute also provides that an inmate convicted of either offense may not be released to mandatory supervision. *See* TEX. GOV'T CODE § 508.149(a)(8).

Because Armantrout is ineligible for mandatory supervision, this habeas action concerns only his claim that he was denied parole in violation of his constitutional rights. However, the United States Supreme Court has recognized that the states have no duty to establish a parole system and that there is no constitutional right to be released on parole before the expiration of a valid sentence. *Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) (explaining that "statutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 11 (1979) (holding that a statute which "provides no more than a mere hope that the benefit will be obtained" does not give rise to due-process protection). *See Sandin v. Conner*, 515 U.S. 472 (1995) (prison inmates are entitled to protection under the Due Process Clause only when an official action infringes upon a constitutionally protected liberty interest). Thus, the Due Process Clause does not include a right to parole.

The Texas parole statutes create no right to release on parole because "parole is within the total and unfettered discretion of the State" and thus "there is no right or constitutional expectancy of early release on parole in Texas." *See Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). Even when a Texas inmate is eligible for discretionary parole, the inmate has no protected liberty interest in parole. *See Toney v. Owens*, 779 F.3d 330, 342 (5th Cir. 2015); *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

Absent a protected liberty interest in attaining parole, Armantrout cannot show that he has been denied parole in violation of his constitutional rights or that he is otherwise entitled to federal habeas corpus relief. Because the habeas petition lacks an arguable basis in law, it must be dismissed. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts (a judge "must promptly examine" a habeas petition and "must dismiss the petition" if it "plainly appears" that the petitioner is not entitled to relief).

## III.    **CERTIFICATE OF APPEALABILITY**

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

### IV.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) filed by Jeremy Armantrout is **DISMISSED** with prejudice.

2. All pending motions, if any, are **DENIED** as moot.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on _____August 25_____, 2022.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE